**Dale K. PAPE, Plaintiff,**

v.

**LAKE STATES WOOD PRESERVING, INC., Defendant.**

**No. 2:95–CV–115.**

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 18, 1995.

Wayne A. Erickson, Lynette L. Erickson, Erickson Law Office, Menominee, MI, for Plaintiff.

William R. Smith, Kendricks Bordeau, P.C., Marquette, MI, for Defendant.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

Before this court is defendant's motions to dismiss and for sanctions, and plaintiff's motion to amend his complaint. Plaintiff has brought a citizens suit seeking injunctive relief under the Federal Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972,[1] as well as all supplemental state law

---

1. "[A]ny person may commence a civil action on his own behalf—

    * * *

    (B) against any person, ... including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment. . . .

claims. For the reasons that follow, defendant's motion to dismiss is granted.

## I.

■ Defendant argues that plaintiff's complaint was merely a refiling of a largely verbatim copy of a suit filed by other plaintiffs, *Bragg v. Wood Island Waste Management, Inc.,* No. 2:93–CV–276 (W.D.Mich. 1994), that was dismissed and, therefore, the instant case was filed in bad faith and simply to harass. Such an argument might have merit were it not for the details. The foregoing case was dismissed for lack of subject matter jurisdiction because the plaintiffs admittedly failed to comply with the notice requirements under RCRA and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). It was not dismissed with prejudice. Likewise, defendant's assertion that this case should be dismissed, because plaintiff has failed to allege that *navigable waters* were polluted from a point source by a discharge of defendant, is without merit. References to cases construing the Federal Water Pollution Control Act's requirement that navigable waters be polluted are irrelevant. Unlike that Act, section 6903's definition of "disposal," for purposes of citizens suits under section 6972, includes the discharge of solid or hazardous waste into "any waters, including ground waters."

## II.

Defendant also contends that plaintiff lacks standing for this court to hear his complaint. Plaintiff's *pro se* complaint contains an allegation concerning a health hazard that "endangers Plaintiff's well being as well as Plaintiff's fellow citizens":

64. Lake States as owner and/or operator of the Facilities and Waste Pile Facility, is contributing to the past and present handling, storage, treatment or disposal of hazardous waste which may present an imminent and substantial endangerment to health or the environment.

Acknowledging that the initial complaint was inadequate to establish standing, plaintiff's proposed amended complaint adds, with the assistance of counsel, the following paragraphs:

16. The attraction of the area for campers, tourists, and other visitors is its location in the midst of an array of natural resources, including Pictured Rocks National Lakeshore, Grand Island National Recreation Area, Lake Superior and other lakes, rivers and scenic and recreational resources. Plaintiff enjoys the aesthetic and recreational values of the area surrounding the Lake States HWM facility and the opportunities the area affords for wildlife photography, canoeing, hunting, fishing, camping, sight seeing, snowmobiling and swimming. Plaintiff has been using the area to pursue these activities on a regular basis since 1962 to present.

17. Because of the hazardous waste that Lake States has dumped at the site, the wildlife has left the area and/or died, thus preventing [plaintiff] from fully conducting his wildlife photography. Plaintiff no longer swims or canoes in the surrounding waters because of the pollution that has seeped from the Lake States site. Plaintiff no longer fishes in the surrounding water because many of the fish have died and he fears that the remaining fish have been poisoned. Plaintiff has similarly been forced to curtail or cease his other activities in the surrounding area because of the infiltration of hazardous waste. All of this has deprived Plaintiff of his right to use and enjoy this section of the Upper Peninsula.

Plaintiff lives in Wallace, Michigan, approximately 150 miles south and west of defendant's property in Munising Township (Alger County), Michigan.

■ Article Three of the Constitution extends the judicial power to cases and controversies. The first requirement implicit in this grant of authority is the requirement that a plaintiff allege an injury in fact to a legally protected right—an injury which is concrete and particularized, actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992). This restraint arises out of the nature of judicial power, for " '[t]he province of

the court,' as Chief Justice Marshall said in *Marbury v. Madison,* [5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803) ], 'is, solely, to decide on the rights of individuals.' " *Id.* at 576, 112 S.Ct. at 2145, 119 L.Ed.2d at 374. "Vindicating the *public* interest is the function of Congress and the chief executive." *Id.*

■ The standing allegations in plaintiff's proposed amended complaint improves upon his initial pleading insofar as he attempts to present past injury that is personal to himself. The proposed amended complaint, however, still fails to show imminent injury. As the Supreme Court held in *Lujan* in another context,

"'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse affects.' " ... [T]he affiants' profession of an 'inten[t]' to return to the places he had visited before—where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species—is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of [ ] 'actual or imminent' injury....

*Id.* at 564, 112 S.Ct. at 2138, 119 L.Ed.2d at 366–67 (citations omitted). Taking plaintiff's allegations of defendant's illegal conduct in causing pollution to the surrounding area as true for the sake of analysis, he has not shown on the face of his pleadings that he intends to visit and use the area for the alleged purposes, let alone when he intends to make use of the surrounding property. As such, this court finds no imminent injury.

### III.

■ Moreover, even if such allegations of specific intent were contained within his pleading, the allegations in plaintiff's proposed amended complaint cannot survive a motion to dismiss. This court treats defendant's motion to dismiss for failure of the pleading to state a claim upon which relief may be granted as a motion for summary judgment. Fed.R.Civ.P. 12(b). A motion for summary judgment shall be granted if the

evidence on file "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff, as the adverse party, may not rest upon mere allegations, but must set forth specific facts by affidavits, depositions or admissions on file to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Plaintiff has provided this court with no evidence to support the allegations of pollution touching the area surrounding defendant's property that are contained within paragraph 17 of his complaint, nor of his past aesthetic and recreational use of this particular site. Therefore, defendant's motion to dismiss is granted.

### IV.

By presenting to the court a signed pleading, an attorney or unrepresented party is certifying, among other things, that to the best of the person's knowledge, information and belief, formed after a reasonable inquiry, the claims are warranted by existing law, and the allegations have evidentiary support. If the court determines that a party has violated this requirement, an appropriate sanction may be imposed, including payment to the movant of all reasonable attorney fees. Fed. R.Civ.P. 11(b)(3), (c). In this case, plaintiff has presented factual allegations of pollution to the area surrounding defendant's property that are groundless and without any evidentiary substantiation. Plaintiff has provided this court with no basis for any knowledge or belief that defendant has emitted hazardous substances into the surrounding environment.

*Attorney General v. Lake States Wood Preserving, Inc.,* 199 Mich.App. 149, 501 N.W.2d 213 (1993) provides no evidentiary support. This case binds other courts under the doctrine of collateral estoppel insofar that the Alger County Circuit Court's finding, that there was documented evidence that

hazardous substances within an aquifer on defendant's property was being removed by naturally occurring biological or chemical processes, was clearly erroneous. It speaks nothing about the environmental condition of the soil and water surrounding defendant's property.

■ Moreover, this is the second time that plaintiff has been denied standing to bring an action in the Northern Division of the Western District of Michigan. In *Pape v. Menominee–Marinette County Airport Comm'n,* W.D.Mich. Case No. 2:92–CV–96, plaintiff's motion for preliminary injunction under CERCLA was denied, in part, because he lacked a "protectable property interest that would confer standing...." *Id.* at 8. In that case, he lived approximately 2½ miles from the defendant's property and was seeking an order that would allow him to recover costs incurred in work voluntarily undertaken to monitor and evaluate the releases of hazardous substances on the defendant's property. Plaintiff, therefore, even though he lived relatively close to the defendant's property, was put on notice that he lacked standing to pursue environmental claims under federal law without potential legal injury. He, therefore, had reason to know that the instant claim was not warranted under law. Accordingly, plaintiff and his attorney shall pay defendant's reasonable attorney fees.

An order consistent with this opinion shall be entered.